**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RICHARD W. PETERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:15-cv-00472-RCJ-VPC |
| GREG COX et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) ) ) | |

This is a prisoner civil rights case. Pending before the Court is an objection to three rulings of the Magistrate Judge.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Richard Peters, a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), sued Defendants in this Court based on Defendant Gayleen Fukajama having allegedly pulled a medical device off of Plaintiff's arm, causing him pain and injury. The Court dismissed the other Defendants upon screening but permitted an Eighth Amendment claim to proceed against Fukajama. Mediation was unsuccessful. The Court denied a motion to dismiss or for summary judgment based on non-exhaustion of administrative remedies and qualified immunity. Plaintiff has objected to the Magistrate Judge's rulings: (1) granting a non-party's motion to quash a subpoena; (2) denying Plaintiff's motion for sanctions; and (3) granting Defendants an extension of time to file a motion for summary judgment.

## II.   LEGAL STANDARDS

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a). Rule 72(a) institutes an abuse of discretion standard. *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988) ("We still must determine, however, whether the court abused its discretion in issuing its order based on the facts before it which are supported by the record. Under the abuse of discretion standard, we cannot simply substitute our judgment for that of the district court, but must be left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors.")).

## III.   ANALYSIS

### A.   The Motion to Quash

On November 9, 2017, non-party NDOC received a subpoena from Plaintiff's counsel by certified mail commanding an unspecified NDOC representative to appear for a deposition on November 20 (the final day of discovery under the Scheduling Order). NDOC moved to quash the subpoena under Rule 45(d)(3), arguing that subpoenas to non-parties must be personally served. *See* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person . . . ."). On January 12, 2018, the Magistrate Judge granted the motion because

"there are so many problems with the subpoena and the deposition . . . ." (Hr'g 11:18, Jan. 12, 2018). Plaintiff has objected to that ruling.

The authority on whether "delivering a copy to the named person" permits service by mail is mixed. *Compare, e.g.*, *Parker v. Doe*, No. Civ. A. 02-7215, 2002 WL 32107939, at \*2 (E.D. Penn. Nov. 21, 2002) (agreeing with the majority rule that a non-party cannot be served by mail under Rule 45(b)(1)), *with, e.g.*, *Hall v. Sullivan*, 229 F.R.D. 501, 503–04 (D. Md. 2005) (noting that personal service is the majority rule but finding the cases following the minority rule to be better reasoned). There being no published authority on the question in this Circuit, and the text of Rule 45(b)(1) being ambiguous on the question, the Court cannot say that the Magistrate Judge ruled contrary to law or in clear error by quashing a subpoena to a non-party that was indisputably not personally served. *See* Fed. R. Civ. P. 72(a).

**B.      The Motion for Sanctions**

On December 4, 2017, Plaintiff asked the Magistrate Judge to sanction Defendants under Rule 37 or the Court's inherent authority. Plaintiff claims a video of the incident at issue existed but that NDOC destroyed it. Plaintiff therefore asked the Magistrate Judge "for a conclusive presumption that the attack by the defendant was malicious and oppressive, done with a reckless disregard of the near certain consequences and that the attack was the cause of the loss of internal fixation (working the screws loose) and the subsequent surgery." The Magistrate Judge did not err in denying that motion. Indeed, granting the motion would have been contrary to law, because a defendant cannot be sanctioned for the acts of a person over which she has no authority or control, and Plaintiff made no showing that Fukajama was involved in or had any authority over those involved in the alleged destruction of the video. "'[S]poliation of evidence may be imputed to a [party] who did not participate in the spoliation' only where the destroying party is the 'agent' of that party." *Gemsa Enters., LLC v. Specialty Foods of Ala., Inc.*, No.

LACV 13-00729-JAK (RZx), 2015 WL 12746220, at *5 (C.D. Cal. Feb. 10, 2015) (quoting

*Pettit v. Smith*, 45 F. Supp. 3d 1099, 1110 (D. Ariz. 2014)) (second alteration in *Gemsa*); *accord*

*Adkins v. Wolever*, 692 F.3d 499, 504–05 (6th Cir. 2012).

The rule is usually referred to as equitable, but it is likely of constitutional dimension in cases where a proposed sanction would remove from a jury the determination of a material fact on a claim at law in federal court, as here. That is, Fukajama has a Seventh Amendment right to trial by jury on Plaintiff's § 1983 claim for damages. A constitutional right can be forfeited, but only by relevant, culpable conduct of the right-holder:

> The Constitution gives the accused the right to a trial at which he should be confronted with the witnesses against him; but if a witness is absent *by **his own** wrongful procurement*, he cannot complain if competent evidence is admitted to supply the place of that *which **he has kept away***. The Constitution does not guarantee an accused person against the *legitimate consequences of **his own** wrongful acts*. It grants him the privilege of being confronted with the witnesses against him; but *if **he** voluntarily keeps the witnesses away*, he cannot insist on his privilege. If, therefore, when absent *by **his** procurement*, their evidence is supplied in some lawful way, he is in no condition to assert that his constitutional rights have been violated.

*Reynolds v. United States*, 98 U.S. 145, 158–59 (1879) (Sixth Amendment right to confrontation of witnesses) (emphases added). Likewise, Fukajama's Seventh Amendment right to a jury trial on material elements of the excessive force claim (malice and causation) can be forfeited only if she had personal culpability for spoliation of evidence material to those elements, and Plaintiff made no showing that this was the case.

**C.     Extension of Time**

Despite granting the motion to quash, the Magistrate Judge permitted late depositions of two NDOC medical personnel to occur no later than February 28, 2018, in accordance with an agreement between counsel. The Magistrate Judge noted the chances of a new summary judgment motion succeeding was "slim to none," and scheduled a settlement conference for April 3, with a joint pretrial order due May 4 if the conference failed.

Plaintiff argues that granting leave to file another motion for summary judgment was clear error or contrary to law, because the deadline to request an extension had passed under the Scheduling Order. Dispositive motions were due December 20, 2017. (*See* Sched. Order 2, ECF No. 40 (emphasizing that there would be no further extensions)). A schedule may be modified for "good cause," Fed. R. Civ. P. 16(b)(4), and requests for extensions of time made after a deadline passes, as here, may only be granted if the requestor shows "excusable neglect," Local R. 6-1(b).

But the Court perceives no extension of the deadline or even any request therefor. The minutes reflect neither. Nor does the recording of the hearing. Indeed, the Magistrate Judge verbally obtained all counsel's agreement that a summary judgment motion would likely be unsuccessful. And even if the Magistrate Judge had modified the schedule to permit a renewed motion, it would not have been contrary to law. The modification of the Scheduling Order to permit additional depositions could supply good cause to further modify the Scheduling Order to permit another summary judgment motion. Because the Magistrate Judge could have found good cause to extend the deadline, she needn't have also required Defendants to show excusable neglect under the local rules. Defendants had made no such motion, and the excusable neglect requirement applies only to motions to extend time under the Local Rules, not the Court's own decision to modify a scheduling order under the Civil Rules. Moreover, it is not even clear the local rule governing motions to extend time applies to motions to modify scheduling orders, which Rule 16(b)(4) addresses more specifically.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Objection (ECF No. 67) is DENIED.

IT IS SO ORDERED.

Dated this May 22, 2018.

_____
ROBERT C. JONES
United States District Judge