# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD W. PETERS,

    Plaintiff,

vs.

GREG COX et al.,

    Defendants.

3:15-cv-00472-RCJ-VPC

**ORDER**

This is a prisoner civil rights case. Pending before the Court is a motion to reconsider the denial of an objection to a ruling of the Magistrate Judge.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Richard Peters, a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), sued Defendants in this Court based on Defendant Gayleen Fukajama having allegedly pulled a medical device off of Plaintiff's arm, causing him pain and injury. The Court dismissed the other Defendants upon screening but permitted an Eighth Amendment claim to proceed against Fukajama. Mediation was unsuccessful. The Court denied a motion to dismiss or for summary judgment based on non-exhaustion of administrative remedies and qualified immunity. Plaintiff objected to the Magistrate Judge's rulings: (1) granting a non-party's motion to quash a subpoena; (2) denying Plaintiff's motion for spoliation sanctions; and

(3) granting Defendants an extension of time to file a motion for summary judgment. The Court denied the objections, and Plaintiff has asked the Court to reconsider the second objection.

## II. LEGAL STANDARDS

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a). Rule 72(a) institutes an abuse of discretion standard. *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988) ("We still must determine, however, whether the court abused its discretion in issuing its order based on the facts before it which are supported by the record. Under the abuse of discretion standard, we cannot simply substitute our judgment for that of the district court, but must be left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors.")).

## III. ANALYSIS

On December 4, 2017, Plaintiff asked the Magistrate Judge to sanction Defendants under Rule 37 or the Court's inherent authority. Plaintiff claims a video of the incident at issue existed but that NDOC destroyed it. Plaintiff therefore asked the Magistrate Judge "for a conclusive presumption that the attack by the defendant was malicious and oppressive, done with a reckless disregard of the near certain consequences and that the attack was the cause of the loss of internal fixation (working the screws loose) and the subsequent surgery." The Court ruled that

the Magistrate Judge did not err in denying that motion and further noted that granting the motion would have been contrary to law, because a defendant cannot be sanctioned for the acts of a person over which she has no authority or control, and Plaintiff made no showing that Fukajama was involved in or had any authority over those involved in the alleged destruction of the video. *See Gemsa Enters., LLC v. Specialty Foods of Ala., Inc.*, No. LACV 13-00729-JAK (RZx), 2015 WL 12746220, at *9 (C.D. Cal. Feb. 10, 2015) (quoting *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1110 (D. Ariz. 2014)) (second alteration in *Gemsa*); *accord Adkins v. Wolever*, 692 F.3d 499, 504–05 (6th Cir. 2012).

The rule is usually referred to as equitable, but it is likely of constitutional dimension in cases where a proposed sanction would remove from a jury the determination of a material fact on a claim at law in federal court, as here. That is, Fukajama has a Seventh Amendment right to trial by jury on Plaintiff's § 1983 claim for damages. A constitutional right can be forfeited, but only by relevant, culpable conduct of the right-holder:

> The Constitution gives the accused the right to a trial at which he should be confronted with the witnesses against him; but if a witness is absent *by his own wrongful procurement*, he cannot complain if competent evidence is admitted to supply the place of that *which he has kept away*. The Constitution does not guarantee an accused person against the *legitimate consequences of his own wrongful acts*. It grants him the privilege of being confronted with the witnesses against him; but *if he voluntarily keeps the witnesses away*, he cannot insist on his privilege. If, therefore, when absent *by his procurement*, their evidence is supplied in some lawful way, he is in no condition to assert that his constitutional rights have been violated.

*Reynolds v. United States*, 98 U.S. 145, 158–59 (1879) (Sixth Amendment right to confrontation of witnesses) (emphases added). Likewise, Fukajama's Seventh Amendment right to a jury trial on material elements of the excessive force claim (malice and causation) can be forfeited only if she had personal culpability for spoliation of evidence material to those elements, and Plaintiff made no showing that this was the case.

Plaintiff argues that one or more cases relied upon by the *Gemsa* court had themselves ultimately ruled that individual defendants could be sanctioned for spoliation caused within a prison system over which they had no direct control. The Court disagrees with such a result. Even setting aside Fukajama's Seventh Amendment rights, which she does not forfeit simply because she may be indemnified,[1] such a result would violate the Eleventh Amendment as to the State of Nevada. *See Peralta v. Dillard*, 744 F.3d 1076, 1084 (9th Cir. 2014) (en banc) ("[T]he state is protected from monetary damages by the Eleventh Amendment. We may not circumvent this protection by imputing the state's wrongdoing to an employee who himself has committed no wrong. The dissenters attempt an end run around the Eleventh Amendment by subjecting the state to precisely the kind of economic pressure against which the amendment protects it."). The Court respectfully disagrees with the *Pettit* court's attempt to distinguish cases where a court imputes a state's actions to a defendant only for the purposes of spoliation sanctions, as opposed to direct liability. *See* 45 F. Supp. 3d at 1109. The Supreme Court has been clear that the Eleventh Amendment is directed to protecting the dignity of a state's sovereignty, not only its pocketbook. *E.g., Alden v. Maine*, 527 U.S. 706, 715, 749 (1999). Imputing wrongful conduct by the State of Nevada to Fukajama in a case where the State is protected by the Eleventh Amendment would therefore violate the Amendment regardless of whether the Court's order is directed to sanctions or direct liability. And because the sanctions sought here are "death penalty" sanctions that would necessarily result in liability, the present case is not even distinguishable from *Peralta* in the way the *Pettit* court believed that case was.

///

///

---

[1] And as Defendant notes, if she is found to have acted maliciously, as Plaintiffs propose the Court rule as a sanction, she will not in fact be indemnified. Nev. Rev. Stat. § 41.0349(4).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 87) is DENIED.

IT IS SO ORDERED.

Dated this 24th day of July, 2018.

_____
ROBERT C. JONES
United States District Judge