ADAM PAUL LAXALT
  Attorney General
HEATHER B. ZANA, Bar No. 8734
  Deputy Attorney General
IAN E. CARR, Bar No. 13840
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1261
Tel: (775) 684-1259
E-mail: hzana@ag.nv.gov
E-mail: icarr@ag.nv.gov

*Attorneys for Defendant Gaylene Fukagawa*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD PETERS, | Case No. 3:15-cv-00472-RCJ-CBC |
| Plaintiff, | **DEFENDANT'S MOTION TO CONTINUE TRIAL** |
| v. | |
| GREG COX, *et al.*, | |
| Defendants. | |

Defendant Gaylene Fukagawa, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Heather B. Zana, Deputy Attorney General hereby moves to continue the trial and associated deadlines established by the Court. This Motion is based upon the following Memorandum of Points and Authorities and all papers and pleadings on file in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This is an inmate civil rights action brought by Plaintiff Richard Peters (#92314) pursuant to 42 U.S.C. § 1983. The Court's screening order permitted Plaintiff to proceed on a single claim under the Eighth Amendment for excessive force against Defendant Fukagawa. *See* ECF No. 4 at 6. Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC) and was housed at Northern Nevada Correctional Center (NNCC) during the times relevant to the Complaint. Plaintiff

///

1

alleges that Defendant Fukagawa improperly removed a foot pillow from his wrist during post-surgical recovery, causing him various wrist injuries. *See id*. at 5.

Trial is set to commence on a stacked calendar on October 22, 2018. *See* ECF No. 91 at 1. Defendants seek a continuation of trial due to the medical unavailability of lead defense counsel for and a scheduling conflict of defense co-counsel due to a contemporaneous trial in a rural area.

**II.     LEGAL STANDARD**

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). A motion for a continuance of trial should be granted for good cause. FED. R. CIV. P. 16(b)(4). "The determination of whether to grant a motion for trial continuance rests in the sound discretion of the trial court." *U.S. v. Makley*, 468 F.2d 916, 917 (9th Cir. 1972).

**III.    ARGUMENT**

Defendant respectfully requests the trial date in this case be continued. Lead defense counsel is currently out of the jurisdiction due to medical issues pursuant to the Family and Medical Leave Act (FMLA), and is not slated to return until the week of September 26, 2018. Because of these circumstances, lead defense counsel will be unable to coordinate with Plaintiff's counsel, respond to pretrial issues that arise, or prepare for trial with only three weeks before the trial start date of October 22, 2018.

Furthermore, defense co-counsel is slated to appear in White Pine County, Nevada for a jury trial set to begin on October 30, 2018, in the case *Williams v. State*, 7th Judicial District No. CF-1606004. Due to the rural location and the need to travel for trial preparation and jury trial in that case, given the possible duration of the trial in this case, defense co-counsel is likely to be unable to continue if proceedings come into a scheduling conflict.

This request is not made for the purposes of undue delay and is brought in good faith. The Court and Plaintiff will not be prejudiced by this request. The additional time will also allow Plaintiff's counsel and counsel for Defendant to meet and confer regarding pre-trial matters, to coordinate exhibits, and to facilitate a smoother trial. Further, there should be no known inconvenience to the Court or Plaintiff, or any witness as a result of this request for a continuance. This case is on a stacked

trial calendar; therefore, trial in this case may not occupy a specific set of dates held by the court. This continuance would require the Court to remove this case from the current stack of cases and reset it for trial at a later date on a different stack of cases. As an added benefit, this will allow the parties more time to prepare for trial and will result in a more organized and efficient trial.

**IV.  CONCLUSION**

Based upon the foregoing, Defendant respectfully requests that this Court grant Defendant's Motion and continue the trial currently set for October 22, 2018.

DATED this 14th day of September, 2018.

ADAM PAUL LAXALT
Attorney General

By: _____
HEATHER B. ZANA
Deputy Attorney General
IAN E. CARR
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendant Gaylene Fukagawa*

IT IS ORDERED that the calendar call currently scheduled for 10/09/2018 and jury trial currently scheduled for 10/22/2018 are hereby vacated and reset as follows:  Calendar Call is set for Tuesday, 12/18/2018 at 10:00 a.m. in Reno courtroom 3 before Judge Robert C. Jones.  Jury Trial is set for Monday, 1/7/2019 at 8:30 a.m. in Reno courtroom 3 before Judge Robert C. Jones.

DATED: October 1, 2018

_____
Hon. Judge Robert C. Jones
United State District Judge